KLOCK v. BROWN.

CONTRACTS — ILLEGALITY — GAMING — BETTING — PRINCIPAL AND AGENT.

Plaintiff could recover back money placed in defendant's hands to bet upon an approaching election, where defendant did not carry out the illegal purpose but appropriated the money to his own use.

Error to Wayne; Donovan, J. Submitted June 17, 1912. (Docket No. 123.) Decided October 7, 1912.

Assumpsit in justice's court by Benjamin F. Klock against Morrie Brown for money had and received. Defendant appealed to the circuit court from a judgment rendered against him. Judgment for defendant, upon a directed verdict. Plaintiff brings error. Reversed.

*Jonas B. Houck,* for appellant.

*Percy W. Grose,* for appellee.

McALVAY, J. In this case plaintiff sued defendant in justice's court for Detroit in an action in assumpsit, and on all the common counts, to recover the sum of $500. A recovery was had, and defendant appealed to the circuit court. The result of the trial in that court was a directed verdict in favor of defendant. Upon a writ of error the case is brought before this court for review.

The facts of the case are that plaintiff gave defendant $500, with instructions to make a bet of the same with a man named Hayes upon a certain candidate for office at the next coming election; that defendant took the money and claimed soon after that he had bet $200 of it, and still retained the balance; that later, when asked for the balance, defendant stated that he had given it to another man to bet for him, and later defendant stated, or plaintiff

ascertained, that he had not bet any of the money, and defendant upon demand promised to return the $200, and also promised to make good the $300 he had given the other man. Later plaintiff demanded the whole amount from the defendant, and, not getting it, instituted this suit.

The trial judge, in instructing a verdict for defendant, went upon the theory that plaintiff was seeking to recover money which had been bet upon an election, and that, under the statute and the decisions of this court, no recovery could be had, and held that this was an election gambling contract. Upon such holding error is assigned. By reason of the instructed verdict, the facts in the case presented by the plaintiff will be considered in the light most favorable to him. As we construe these facts presented, this was not a betting upon an election. In fact, it was not a betting contract. Plaintiff had placed his money in the hands of an agent for the purpose of betting, which purpose was never carried out. So far as plaintiff's case shows, no part of this money was bet upon this election, but it was appropriated by this defendant who was his agent, and upon that state of facts, if established before a jury, the plaintiff was entitled to recover. The instant case is easily distinguishable from the cases relied upon by the circuit judge, as those were all cases where bets upon election had been actually made. They are therefore not controlling in this case.

The judgment of the circuit court is reversed, and a new trial ordered.

MOORE, C. J., and STEERE, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.